# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**AMBROSE UBA CHUKWUEKE,**

    Plaintiff,

v.                                                             Case No.

**WALGREEN CO.,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Ambrose Uba Chukwueke** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **Walgreen Co.,** ("Defendant"), and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of Title VII of the Civil Rights Act ("Title VII"), the Florida Civil Rights Act ("FCRA"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Hillsborough County, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of the State of Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII, the FCRA, the ADA. and the ADEA.

10. At all times material hereto, Defendant was an "employer" within meaning of Title VII, the FCRA, the ADA, and the ADEA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff worked for Defendant from on or about December 5, 2023 until his unlawful termination on or about August 28, 2024.

13. At the time of his termination, Plaintiff held the position of Pharmacy Manager.

14. Plaintiff is Black male and was 62 years of age at the time of his termination.

15. Plaintiff's national origin is Nigerian, as Defendant was aware.

16. Accordingly, Plaintiff was a member of a protected class.

17. Plaintiff was a diligent and hardworking employee who was qualified for and excelled at his position.

18. At all times relevant, Plaintiff suffered from a physical impairment that substantially limited one or more of his major life activities.

19. Specifically, Plaintiff suffers from diabetes, which substantially limits his eating, digestion, concentration, walking or other physical tasks, and ability to care for himself.

20. At all times, Plaintiff was able to perform the essential functions of his job with or without accommodation.

21. Plaintiff was subjected to discrimination and disparate treatment by Defendant due to his race, national origin, age, and disability.

22. In or around January 2024, Plaintiff requested a medical accommodation of using a chair while working in the pharmacy.

23. Plaintiff's request was reasonable and did not pose an undue hardship on the business.

24. Defendant agreed to grant Plaintiff's request.

25. However, any time that Plaintiff utilized his accommodation of sitting in the chair, his colleagues and supervisors would make discriminatory, belittling remarks about his need to accommodation.

26. Plaintiff was treated in a less favorable manner than his similarly situated colleagues due to his age, race, national origin, and disability.

27. For example, Plaintiff's Store Manager (younger, White) refused to provide assistance to Plaintiff as he became acquainted with his work location.

28. Whenever Plaintiff reached out to his Store Manager with questions, she became irritated and short with him.

29. Plaintiff's Store Manager did not treat any of Plaintiff's similarly situated colleagues in this manner.

30. Plaintiff's similarly situated colleagues, including Mr. Trevor and Ms. Leslie Santiago, received preferential schedules and were not disciplined for things like missing shifts or refusing to perform tasks. If Plaintiff refused a task or missed a shift, he would receive

discipline, but Defendant failed to discipline his similarly situated non-disabled, non-Nigerian, and younger colleagues for the same conduct.

31. Defendant discriminated against Plaintiff due to his national origin when he was issued a Write-Up for complementing a new African pharmacist and telling her that he was impressed with her African culture and respect.

32. Defendant chose to frame his innocent and genuine praise as "derogatory."

33. In fact, Plaintiff was punished and disciplined explicitly due to his cultural norms as a Nigerian Black man.

34. Plaintiff made numerous written and verbal complaints about discrimination to his supervisor manger, the District Pharmacy Supervisor.

35. For example, Plaintiff made a written complaint about being discriminatorily targeted on or about May 31, 2024.

36. The District Pharmacy Supervisor assured Plaintiff that his complaints would be investigated.

37. The District Pharmacy Supervisor in fact visited Plaintiff on several occasions and complimented him on being competent and effective.

38. Defendant failed to take remedial action in response to Plaintiff's protected complaints.

39. Instead, in direct retaliation to his protected activity, Defendant terminated Plaintiff's employment under pretext.

40. On or about August 28, 2024, Defendant terminated Plaintiff's employment under pretext.

41. Defendant chose to take adverse employment action against Plaintiff by retaliating against him for engaging in protected activity under Title VII, the FCRA, the ADA, and the ADEA.

42. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under Title VII, the FCRA, the ADA, and the ADEA.

43. Defendant's reason for terminating Plaintiff is pretext.

44. Upon information and belief, Defendant replaced Plaintiff with a White female pharmacy manager who was significantly younger than Plaintiff.

## COUNT I — TITLE VII VIOLATIONS
## (RACE DISCRIMINATION)

45. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

46. Plaintiff is a member of a protected class based on Plaintiff's race.

47. Plaintiff was subjected to disparate treatment due to his race.

48. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

49. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

50. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of Title VII, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

> (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's race;
>
> (b) Enjoin and permanently restrain Defendant from further violations of Title VII;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award reasonable attorney's fees and costs to Plaintiff;

(e) Any other relief deemed just and proper.

## COUNT II — TITLE VII VIOLATIONS
### (NATIONAL ORIGIN DISCRIMINATION)

51. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

52. Plaintiff is a member of a protected class based on Plaintiff's national origin.

53. Plaintiff was subjected to disparate treatment due to his national origin.

54. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

55. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

56. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of Title VII, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

(f) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's national origin;

(g) Enjoin and permanently restrain Defendant from further violations of Title VII;

(h) Award back pay to Plaintiff plus interest and all benefits;

(i) Award reasonable attorney's fees and costs to Plaintiff;

(j) Any other relief deemed just and proper.

## COUNT III—TITLE VII VIOLATION
### (RETALIATION)

57. Plaintiff re-alleges and re-adopts paragraphs 1 through 44 of this Complaint as if fully set forth herein.

58. Plaintiff is a member of a protected class under Title VII due to his race and national origin.

59. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

60. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating his employment.

61. Defendant has taken material adverse action against Plaintiff.

62. Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to unlawful retaliation under Title VII;

    (b) Enjoin and permanently restrain Defendant from further violations of Title VII;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper.

## COUNT IV — ADEA VIOLATION
## (AGE DISCRIMINATION)

63. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

64. Plaintiff is a member of a protected class based on Plaintiff's age.

65. Plaintiff was subjected to disparate treatment due to his age.

66. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

67. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

68. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of Title VII, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

 (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's age;

 (b) Enjoin and permanently restrain Defendant from further violations of Title VII;

 (c) Award back pay to Plaintiff plus interest and all benefits;

 (d) Award reasonable attorney's fees and costs to Plaintiff;

 (e) Any other relief deemed just and proper.

## COUNT V — ADEA VIOLATION
## (RETALIATION)

69. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 40 of this Complaint as though fully set forth herein.

70. Plaintiff is a member of a protected class under the ADEA.

71. Defendant retaliated against Plaintiff for engaging in protected activity under the ADEA by terminating his employment.

72. Defendant's actions were willful and done with malice.

73. Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

### COUNT VI – FCRA VIOLATION (RACE DISCRIMINATION)

74. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

75. Plaintiff is a member of a protected class based on Plaintiff's race.

76. Plaintiff was subjected to disparate treatment due to his race.

77. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

78. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

79. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's race;

    (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper.

## COUNT VII – FCRA VIOLATION (NATIONAL ORIGIN DISCRIMINATION)

80. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

81. Plaintiff is a member of a protected class based on Plaintiff's national origin.

82. Plaintiff was subjected to disparate treatment due to his national origin.

83. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

84. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

85. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's national origin;

    (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper

## COUNT VIII – FCRA VIOLATION (AGE DISCRIMINATION)

86. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

87. Plaintiff is a member of a protected class based on Plaintiff's age.

88. Plaintiff was subjected to disparate treatment due to his age.

89. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

90. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

91. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's age;

    (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper

## COUNT IX – FCRA VIOLATION (DISABILITY DISCRIMINATION)

92. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

93. Plaintiff is a member of a protected class based on Plaintiff's disability.

94. Plaintiff was subjected to disparate treatment due to his disability.

95. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

96. Defendant's stated reasons for not hiring Plaintiff were pretext for unlawful discrimination.

97. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's disability;

    (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper

## COUNT X – FCRA RETALIATION

98. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 44 of this Complaint as though fully set forth herein.

99. Plaintiff is a member of a protected class under the FCRA due to his race, national origin, and disability.

100. Plaintiff exercised or attempted to exercise his rights under the FCRA, thereby engaging in protected activity under the FCRA.

101. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating his employment.

102. Defendant has taken material adverse action against Plaintiff.

103. Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to unlawful retaliation under the FCRA;

    (b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper.

## COUNT XI —ADA VIOLATION
## (DISCRIMINATION)

104. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 44 of this Complaint as though fully set forth herein.

105. Plaintiff is a member of a protected class under the ADA due to his disability.

106. Plaintiff was subjected to disparate treatment due to his disability.

107. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or indifference for Plaintiff's rights.

108. Defendant's stated reasons for firing Plaintiff were pretext for unlawful discrimination.

109. As a direct and proximate result, Plaintiff was injured due to Defendant's willful violations of the ADA, to which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to disparate treatment by Defendant based on Plaintiff's disabilities;

    (b) Enjoin and permanently restrain Defendant from further violations of the ADA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

    (e) Any other relief deemed just and proper.

## COUNT XII — ADA RETALIATION

110. Plaintiff realleges and readopts the allegations of paragraphs 1 through 44 of this Complaint, as though fully set forth herein.

111. Plaintiff is a member of a protected class under the ADA due to his disability.

112. Plaintiff exercised or attempted to exercise his rights under the ADA, thereby engaging in protected activity under the ADA.

113. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating his employment.

114. Defendant has taken material adverse action against Plaintiff.

115. Defendant's actions were willful and done with malice.

WHEREFORE, Plaintiff requests that this Court:

    (a) Enter a judgement that Defendant subjected Plaintiff to unlawful retaliation under the ADA;

    (b) Enjoin and permanently restrain Defendant from further violations of the ADA;

    (c) Award back pay to Plaintiff plus interest and all benefits;

    (d) Award reasonable attorney's fees and costs to Plaintiff;

(e) Any other relief deemed just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 16th day of December 2025.

Respectfully submitted,

*s/ Chad A. Justice*
**CHAD A. JUSTICE**
Florida Bar Number: 121559
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**